# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3140
_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Jerome Wise

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: June 16, 2023
Filed: July 24, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

A jury convicted Jerry Wise of two counts of conspiracy to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, he contends the district court[1] abused its discretion when it overruled his

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

objections to admission of evidence from an eTalk flip phone and when it allowed a drug enforcement agent to provide expert testimony related to the eTalk phone. Wise also contends the court violated his Fifth and Sixth Amendment rights by excluding evidence regarding his state court marijuana conviction. We affirm.

## I.    BACKGROUND

On July 27, 2020, South Dakota highway patrol trooper Eric Peterson stopped a Kia with California license plates for speeding in a construction zone. Damara Needham was driving the rented vehicle, and Wise was a passenger. During the encounter, Needham admitted there was marijuana in the car. Trooper Peterson decided to search the vehicle, and, as he began his search, Needham removed a floral coin purse. She then removed a baggie from the purse that Trooper Peterson believed contained methamphetamine. Needham attempted to hide the baggie but ultimately tossed it to Wise. The trooper then handcuffed Needham and escorted her to his patrol car where she was recorded slipping out of her handcuffs and ingesting an unknown substance.

Trooper Peterson seized Needham's and Wise's cell phones from them and seized from the vehicle the following items: oxycodone pills; marijuana; marijuana dispensary containers and pipes; a box containing methamphetamine, fentanyl, and oxycodone; and two cell phones in the vehicle's center console. One of the phones was the eTalk flip phone that is the subject of this appeal.

Needham and Wise pled guilty to state charges related to possession of marijuana. Needham also pled guilty in federal district court to conspiracy to distribute methamphetamine. Wise proceeded to trial on two charges for conspiracy to distribute 500 grams or more of methamphetamine and conspiracy to distribute 40 grams or more of fentanyl. Prior to trial, the government filed a notice of its intent to offer expert testimony from Special Agent David Sundet regarding "the significance of items . . . seized as they relate to the distribution of controlled substances; the use of cellular devices to conduct drug sales; [and] the use of coded

and/or cryptic language, words, and references to conduct drug transactions." The notice also indicated Special Agent Sundet would testify as to "[t]he contents of the defendant's phone," including "text messages that Agent Sundet in his training and experience believe[d] to contain conversations about . . . the sale of fentanyl and methamphetamine," and Wise's "possession of and use of multiple cell phones and how this relates to the sale of controlled substances." Wise unsuccessfully moved to exclude evidence from the eTalk phone as well as Special Agent Sundet's proffered testimony.

When Wise informed the court that he intended to offer both Needham's and Wise's state convictions for marijuana possession, the government moved to exclude the convictions on grounds of relevance and confusion. Wise asserted his defense theory was that he was a marijuana trafficker and uninvolved in Needham's methamphetamine and fentanyl trafficking. The court permitted the introduction of Needham's conviction as an alleged co-conspirator but excluded Wise's conviction, reasoning the marijuana conviction had no probative value as to the fentanyl and methamphetamine charges before the jury and any probative value was outweighed by unfair prejudice.

At trial, text messages from Wise's phone offering to trade "blues" (which other evidence established is a street name for fentanyl) for marijuana were introduced. Although the eTalk phone found in the center console was a "burner" phone without any identifying subscriber information on it, it contained evidence tying Wise to the phone, including: (1) messages identifying the sender as "Jerry"; (2) a photograph of Wise's bank card; and (3) text messages between a sender using the phone and Wise's sister. Special Agent Sundet testified that it was not unusual for drug dealers to possess both a personal phone and a "burner" phone, which is commonly used in drug trafficking to hide the dealer's identity. The eTalk phone contained text messages indicating a buyer had been shorted a quantity of drugs. This conversation included a photograph of a plastic baggie containing a white crystalline substance on a gram scale. During his testimony, over Wise's objection, Special Agent Sundet opined that the substance in the photograph was

"[c]omparable to methamphetamine" and "mimic[ked] the methamphetamine found in this case." The district court allowed the testimony, finding it was within the scope of Special Agent Sundet's experience and expertise.

The jury convicted Wise on both charges. Wise was sentenced to an aggregate term of 235 months' imprisonment to be followed by 10 years of supervised release. Wise appeals three of the district court's evidentiary rulings.

## II.    DISCUSSION

We generally review evidentiary rulings, including the admission of expert testimony, for an abuse of discretion. United States v. King, 898 F.3d 797, 805-06 (8th Cir. 2018). If a ruling implicates a constitutional right, however, our review is *de novo*. United States v. Cavanaugh, 30 F.4th 1139, 1142 (8th Cir. 2022).

While Wise contends the government failed to authenticate the eTalk phone, the evidence supporting authentication and tying it to Wise is substantial. Contrary to Wise's argument, direct evidence that the phone belonged to him is not required. Circumstantial evidence may be relied on to support authenticity. United States v. Lamm, 5 F.4th 942, 946-47 (8th Cir. 2021). Here, the user of the phone self-identified as "Jerry," the phone contained a photograph of Jerry Wise's bank card, and whoever was using the phone was sending text messages to Wise's sister. Needham and Wise were the only people in the rental car when the phone was seized from the console. While Wise argues there was insufficient evidence to authenticate that he controlled the phone during the relevant time, the phone was active for less than two months and messages with Wise's sister were present on the phone within a week after the phone's activation. From this evidence, a reasonable jury could conclude the same user controlled the phone during the entire time it was activated, and that Wise was the user. Under the circumstances, the district court did not abuse its discretion in finding there was sufficient evidence to authenticate the eTalk phone. See id. (stating evidence is sufficiently authenticated when the proponent

-4-

provides a rational basis demonstrating the evidence is what it is asserted to be); <u>see also</u> Fed. R. Evid. 901(a).

Likewise, Wise's assertion that the district court abused its discretion in admitting the photograph on the eTalk phone that purportedly showed methamphetamine without any testing of the substance is unavailing. While Wise contends the evidence was irrelevant and unfairly prejudicial, the photograph and accompanying conversation demonstrates an awareness of and involvement in methamphetamine trafficking. One of the charges before the jury was conspiracy to distribute methamphetamine. The lack of testing was something for the jury to consider in determining the weight to give the evidence. <u>Cf.</u> <u>United States v. Patterson</u>, 68 F.4th 402, 416 (8th Cir. 2023) (finding a challenge to a video recording of the defendant referencing firearms made a few months before the charged offenses went to the weight of the evidence, not its admissibility).

Wise next contends that Special Agent Sundet's opinion that the substance in the photograph was "[c]omparable to methamphetamine" and "mimic[ked] the methamphetamine found in this case" was inadmissible because the testimony went beyond the scope of the government's expert notice and was improper expert testimony. The government's notice encompassed general testimony regarding the phone's contents and specifically included text messages related to the sale of fentanyl and methamphetamine. The challenged testimony indisputably falls within the contents of the phone and the government's notice. The opinion also falls within the expertise of Special Agent Sundet as a trained narcotics investigator who has arrested hundreds of individuals for misdemeanor and felony drug possession crimes. <u>See</u> <u>United States v. Kuenstler</u>, 325 F.3d 1015, 1023 (8th Cir. 2003) (concluding there was no reversible error when witnesses, even if not disclosed as experts, were qualified to give expert opinions regarding the normal practice of drug dealers based on experience investigating methamphetamine business).

Finally, Wise challenges the district court's refusal to allow him to introduce his state court marijuana conviction. Wise's purported defense was that he was only

involved in marijuana distribution and Needham was responsible for the fentanyl and methamphetamine found in the car. While criminal defendants have a constitutional right to introduce evidence in their defense, the district court may exclude evidence so long as the exclusion is not "arbitrary or disproportionate to the purposes [it] was designed to serve." United States v. Walker, 917 F.3d 1004, 1009 (8th Cir. 2019) (quoting United States v. Pumpkin Seed, 572 F.3d 552, 560 (8th Cir. 2009)). Evidence may be excluded consistent with the Fifth and Sixth Amendments if the evidence is only marginally relevant. See Pumpkin Seed, 572 F.3d at 560.

The record shows the district court did not exclude Wise's conviction arbitrarily. Further, Wise was not deprived of the opportunity to present a complete defense. Wise's state court conviction would have had only marginal relevance given the evidence on Wise's personal phone that demonstrated he agreed to distribute fentanyl and the evidence on the eTalk phone indicating an involvement in methamphetamine trafficking. Moreover, Wise's cross-examination of the witnesses shows that he plausibly asserted and maintained his theory of defense without the conviction itself. Even if Wise was able to show a constitutional violation, any error in excluding the evidence was harmless beyond a reasonable doubt. See United States v. Eagle, 498 F.3d 885, 889 (8th Cir. 2007) (holding that even assuming a constitutional violation occurred, any error was harmless beyond a reasonable doubt because the evidence of the defendant's guilt was "strong and the probative weight of the excluded evidence was relatively weak").

## III.   CONCLUSION

We affirm the judgment of the district court.

_____